## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BF ACQUISITION HOLDINGS, LLC, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAATH FIVE, INC., SEJAL PATEL | : | |
| DHRUBESH PATEL, ASHISH PATEL, | : | |
| HETAL PATEL, HETAL C. PATEL | : | |
| CHIRAG PATEL, JIGAR PATEL, | : | |
| TEJAL PATEL, AMIT PATEL and | : | |
| SHIVANI PATEL, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, BF Acquisition Holdings, LLC, a Delaware limited liability company, as ultimate assignee of Triune, LLC and Fresh Enterprises, LLC ("BFAH"), hereby files this Complaint against Defendants, Saath Five, Inc., a Pennsylvania corporation ("Saath Five"); Sejal Patel; Dhrubesh Patel; Hetal Patel; Hetal C. Patel; Chirag Patel; Jigar Patel; Tejal Patel; Amit Patel; and Shivani Patel (individually and collectively "Defendants"), and states as follows in support thereof:

## NATURE OF THE CASE

1.     This is an action for preliminary and permanent injunctive relief to enjoin Defendants' unlawful misuse of certain proprietary names and marks

owned by BFAH, as well as claims for contribution/indemnity, breach of contract and unjust enrichment in connection with certain sublease agreements and franchise agreements.

2.     Saath Five and Jigar Patel are BFAH franchisees pursuant to written franchise agreements, personally guaranteed by the individual defendants named herein, granting Saath Five and Jigar Patel a limited license to use BFAH's proprietary names and marks, including its federally-registered trademarks, in connection with the operation of an authorized *Baja Fresh*® restaurant.

3.     BFAH entered into a Baja Fresh Franchise Agreement with Saath Five dated March 24, 2011, as amended, for *Baja Fresh* restaurant no. 30583 ("2011 Franchise Agreement") and a Baja Fresh Franchise Agreement with Jigar Patel dated November 18, 2016 for *Baja Fresh* restaurant no. 30696 ("2016 Franchise Agreement"). The 2011 Franchise Agreement and the 2016 Franchise Agreement collectively hereafter referred to as the "Franchise Agreements". Defendants have failed to comply with their obligations under the Franchise Agreements, including failing to make certain payments to BFAH, their obligations to timely de-identify their former franchised stores, to cease and desist from any and all use of *Baja Fresh* names and marks, and to return all trade secrets, confidential and propriety information to BFAH.

4.      As a result of Defendants' actions, BFAH has been and, unless the injunctive relief sought herein is issued, shall continue to be irreparably harmed by Defendants' misconduct.

## THE PARTIES

5.      BFAH is a Delaware limited liability company with its principal place of business located at: 9311 E. Via De Ventura, Scottsdale, Arizona 85258.

6.      On information and belief, Saath Five is a Pennsylvania corporation with a registered address at 128 Tatham Road, Bensalem, Pennsylvania 19020.

7.      On information and belief, Sejal Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

8.      On information and belief, Dhrubesh Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

9.      On information and belief, Ashish Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

10.     On information and belief, Hetal Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

11.     On information and belief, Hetal C. Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

12.     On information and belief, Chirag Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

13.     On information and belief, Jigar Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

14.     On information and belief, Tejal Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

15.     On information and belief, Amit Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

16.     On information and belief, Shivani Patel is an adult individual with an address at 1958 King Arthur Road, Philadelphia, Pennsylvania 19116.

17.     Defendants, Sejal Patel; Dhrubesh Patel; Ashish Patel; Hetal Patel; Hetal C. Patel; Chirag Patel; Jigar Patel; Tejal Patel; Amit Patel; and Shivani Patel, are collectively referred to as "Guarantors".

## JURISDICTION AND VENUE

18.     The Court has original and supplemental subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims

are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

19.    The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) as the parties are citizens of different states (BFAH is an entity established under the laws of Delaware and Defendants are citizens of Pennsylvania) and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

20.    Venue is proper in this Court under 28 U.S.C. § 1391, in that the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this juridical district.

21.    Venue is proper in this Division because Defendants reside in Philadelphia County, Pennsylvania.

## THE LEASE/SUBLEASE AGREEMENTS AT ISSUE

22.    In or around September 2003, General Hancock Limited Partnership, a Pennsylvania limited partnership ("Hancock") leased real property located at 110 Garden Golf Boulevard, North Wales, Pennsylvania 19454 (the "Property") to Baja Fresh Westlake Village, Inc., a California corporation ("Baja Fresh"). A copy of the lease ("Lease") is attached hereto as Exhibit A.

23.   On or about November 22, 2006, Hancock assigned the Lease to Richfield Group, LLC ("Richfield"). A copy of the assignment ("Assignment") is attached hereto as Exhibit B.

24.   On October 27, 2009, Fresh Enterprises, LLC, a California limited liability company ("Fresh Enterprises"), as successor-in-interest to Baja Fresh, entered into a sublease with BFPA, LLC, a Delaware limited liability company ("BFPA") in connection with real property which is the subject of the Lease (the "Sublease"). A copy of the Sublease is attached hereto as Exhibit C.

25.   On March 24, 2011, BFPA assigned the Sublease to Saath Five ("Assignment"). A copy of the Assignment and Assumption of Sublease is attached hereto as Exhibit D.

26.   On or about March 22, 2011, the owners of Saath Five (Guarantors) provided a Guarantee of Sublease to Fresh Enterprises ("Sublease Guarantee"). A copy of the Guarantee of Sublease is attached hereto as Exhibit E.

27.   Fresh Enterprises entered into a First Amendment to Lease with Richfield on or about July 31, 2014. A copy of the First Amendment to Lease is attached hereto as Exhibit F.

28.   In or around July 2017, all of the assets and liabilities of Fresh Enterprises were transferred to BFAH.

6

## THE UNDERLYING ACTION

29.    On or about May 22, 2017, Richfield filed a Complaint against Fresh Enterprises for alleged breach of the terms of the Lease in an action captioned <u>Richfield Group, LLC v. Fresh Enterprises, LLC</u>, United States District Court for the Eastern District of Pennsylvania, No. 17-cv-02314 (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached hereto as Exhibit G.

30.    The Complaint in the Underlying Action claims damages by Richfield based on physical damage caused by Saath Five's failure to maintain the Property and monetary damages caused by the failure to pay required rent beginning on or about February 1, 2017.

31.    Based on the execution of the Sublease, the Assignment and the Guarantee, Defendants are obligated to BFAH, as successor-in-interest to Fresh Enterprises, for any amounts owed to Richfield pursuant to the terms of the Lease.

32.    Accordingly, BFAH has standing to bring the present claims.

33.    Due to the actions of Defendants in failing to properly repair and maintain the Property and to pay the monthly rent, BFAH, as successor-in-interest to Fresh Enterprises, was required to incur significant attorney's fees and expenses in defending the Underlying Action.

34.    Ultimately, the Underlying Action was settled.

35.   BFAH now seeks indemnity and contribution in connection with funds expended associated with the defense and settlement of the Underlying Action.

## THE MARKS AND THE *BAJA FRESH*® FRANCHISE SYSTEM

36.   To identify the source, origin and sponsorship of authorized *Baja Fresh* stores offering a uniform and unique method of operation, customer service, advertising, publicity, processes, recipes, techniques and technical knowledge in connection with the restaurant business, specializing in Tex Mex fast-causal food, and other beverage and food items, and to distinguish those products and services from those established, made, offered and sold by others, BFAH, its predecessors, franchising affiliates, and authorized BFAH franchisees, have extensively used certain trademarks, service marks, trade names, logos, emblems and indicia of origin, including but not limited to "Baja Fresh®". (collectively, the "Baja Fresh Marks").

37.   All of the Baja Fresh Marks exclusive of BURRITO ULTIMO and ENCHILADO, which are registered on the Supplemental Register, are registered on the Principal Register of the United States Patent and Trademark Office.

38.   BFAH is authorized to use and license the below listed trademark and service mark registrations, among others, issued by the United

States Patent and Trademark Office for the Baja Fresh trademarks and service marks, which have not been canceled, are now and have been valid at all times pertinent and are in full force and effect.

| Mark | Registration # | Registration Date |
|---|---|---|
| Baja Fresh | 2301436 | 1/8/1998 |
|  | 2750373 | 08/12/2003 |

39.    Notice has been given to the public of the registration of the Baja Fresh Marks as provided in 15 U.S.C. § 1111 and all legal requirements have been complied with to ensure that BFAH and its authorized licensees remain the exclusive users of the Baja Fresh Marks.  BFAH, its predecessors and franchising affiliates, and authorized Baja Fresh franchisees, have continuously used the Baja Fresh Marks in interstate commerce in connection with the promotion, sale and franchising of *Baja Fresh* stores and the promotion and sale of the products and

services they offer throughout the United States and worldwide, since at least the date of their registration.

40.    BFAH is the franchisor of the *Baja Fresh*® franchise program.

41.    Pursuant to franchise agreements entered into by and between BFAH and its authorized and approved franchisees, BFAH had granted franchises to qualified persons to own and operate *Baja Fresh* stores, together with a limited license to use the Baja Fresh Marks and the Baja Fresh System in connection therewith, but only in such manner and at such locations as are expressly authorized by BFAH in the franchise agreements.

42.    BFAH and its authorized franchisees have extensively advertised and promoted *Baja Fresh* stores and the products and services they offer under the Baja Fresh Marks throughout the United States and through various media.

43.    As a result of such efforts and the considerable money spent in connection therewith, the products and services offered by BFAH and its authorized franchisees under the Baja Fresh Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

44.    Under the Baja Fresh Marks, BFAH has developed a system over a period of time and at considerable expense to establish a uniform and

unique method of operation, customer service, advertising, publicity, processes, recipes, techniques and technical knowledge in connection with the restaurant business, specializing in Tex Mex food and other beverage and food items. Many of these recipes, techniques, and much of the information, constitute trade secrets. All of the outlets, knowledge, experience, processes, methods, specifications, techniques and proprietary marks and information of BFAH are referred to as the "Baja Fresh System" or the "System". These outlets using the Baja Fresh System do business under the Baja Fresh Marks.

## THE PARTIES' FRANCHISE AGREEMENTS

### The 2011 Franchise Agreement with Saath Five

45.    On or about March 24, 2011, BFAH's predecessor in interest (Triune, LLC), as franchisor, and Saath Five, as franchisee, entered into the 2011 Franchise Agreement pursuant to which Saath Five was granted a franchise to operate a *Baja Fresh*® store at the Property located in North Wales, Pennsylvania (store #30583). A copy of the 2011 Franchise Agreement is attached hereto as Exhibit H.

46.    Guarantors are the personal guarantors of the obligations under the Franchise Agreement and any other related agreements. The Guarantee of Franchise Agreement in connection with the 2011 Franchise Agreement is attached hereto as Exhibit I.

### The 2016 Franchise Agreement with Jigar Patel

47.     On or about November 18, 2016, BFAH's predecessor in interest (Triune, LLC), as franchisor, and Jigar Patel ("Patel"), as an individual franchisee, entered into the 2016 Franchise Agreement pursuant to which Patel was granted a franchise to operate a *Baja Fresh®* store in Trevose, Pennsylvania (store #30696). A copy of the 2016 Franchise Agreement is attached hereto as Exhibit J.

48.     Jigar Patel is the personal guarantor of the obligations under the Franchise Agreement and any other related agreements. The Guarantee of Franchise Agreement in connection with the 2016 Franchise Agreement is attached hereto as Exhibit K.

## OBLIGATIONS UNDER THE FRANCHISE AGREEMENTS

49.     In exchange for the right to own and operate a *Baja Fresh®* store franchise, Defendants agreed, *inter alia*, to operate their franchise in accordance with the standards set forth in the Franchise Agreements and the *Baja Fresh* Operating Manuals and to pay BFAH certain monthly license fees, royalty fees and advertising fees.

50.     Defendants expressly acknowledged in the Franchise Agreements BFAH's exclusive rights in the Baja Fresh Marks. Defendants agreed, *inter alia*, not to use the Baja Fresh Marks or any variation thereof, other than in

accordance with the provisions of the Franchise Agreements or to do anything that would harm the goodwill associated with the Marks.

51.     BFAH is also the owner of the confidential and proprietary trade secrets of the Baja Fresh System. Pursuant to the parties' written Franchise Agreements, Defendants agreed to keep the trade secret System and its confidential and proprietary information confidential. Defendants further agreed to only use the Baja Fresh System in such manner and at such locations as are expressly authorized by BFAH in the Franchise Agreements. Defendants expressly acknowledged in the Franchise Agreements BFAH's exclusive rights in the Baja Fresh System. Defendants agreed, *inter alia*, not to use the Baja Fresh System or any variation thereof, other than in accordance with the provisions of the Franchise Agreements or to do anything that would disclose the Baja Fresh System.

52.     Defendants also agreed that, upon expiration or termination of the Franchise Agreements for any reason, Defendants would, *inter alia*, cease to hold themselves out as a franchisee of BFAH and cease to use the Baja Fresh Marks and Baja Fresh System in any form.

53.     Defendants also agreed that, upon expiration or termination of the Franchise Agreements, they would, at Defendants' expense:

      a.     immediately pay all sums or amounts due and owing to BFAH;

b.      return to BFAH all operating manuals and other confidential and proprietary information and instructions and recipes provided to them in connection with the Baja Fresh System and operation of their former *Baja Fresh* store;

c.      cease all advertising under the Baja Fresh Marks and return to BFAH all materials containing the Baja Fresh Marks; and

d.      take all steps necessary to delete any public listing under the Baja Fresh Marks, transfer the telephone number for their formerly franchised store to BFAH, and cancel any name registrations with the Secretary of State.

54.     Defendants also agreed to pay attorneys' fees incurred by BFAH in connection with the enforcement of its rights under the Franchise Agreements and as to the Baja Fresh Marks.

55.     BFAH has fully performed all of its obligations under the Franchise Agreements.

## DEFENDANTS' BREACHES OF THE FRANCHISE AGREEMENTS

56.     In or around November 2016, Saath Five unilaterally closed its *Baja Fresh* store located in North Wales ("30583 Closure").

57.     The 30583 Closure was not authorized by BFAH as franchisor.